People v Blanton (2020 NY Slip Op 00156)





People v Blanton


2020 NY Slip Op 00156


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-04450

[*1]The People of the State of New York, respondent,
v
Taishawn Blanton, appellant. (S.C.I. No. 189/18)


Paul Skip Laisure, New York, NY (De Nice Powell of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Jie Gao of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ushir Pandit-Durant, J.), rendered February 27, 2018, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.
CPL 720.20(1) requires "that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain" (People v Rudolph, 21 NY3d 497, 501). Here, as the People concede, even though the defendant was an eligible youth, the record does not demonstrate that the Supreme Court considered and determined whether the defendant should be afforded youthful offender status (see People v Alleyne, 169 AD3d 710, 711; People v Foster, 162 AD3d 790; People v Mead, 159 AD3d 1040, 1041). Accordingly, we vacate the sentence imposed and remit the matter to the Supreme Court, Queens County, to determine whether the defendant should be adjudicated a youthful offender, and for resentencing thereafter (see People v Alleyne, 169 AD3d at 711; People v Foster, 162 AD3d at 790; People v Mead, 159 AD3d at 1041).
MASTRO, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court